UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | | |
|---|---|---|
| JULIO GARZA, | ) | |
| | ) | |
| Petitioner, | ) | Civil Action No. 6: 15-179-DCR |
| | ) | |
| v. | ) | |
| | ) | |
| FRANCISCO QUINTANA, Warden, | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Respondent. | ) | |

**** **** **** ****

Inmate Julio Garza is confined by the Bureau of Prisons at the Federal Medical Center-Lexington, in Lexington, Kentucky. Proceeding without an attorney, Garza has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, challenging his federal drug conviction. Because a § 2241 petition is not the proper vehicle for obtaining the relief sought, the habeas petition will be denied.

**I.**

On February 19, 2009, Check Point Agents in Falfurrias, Texas, arrested Garza after discovering ten bundles of cocaine hidden in the dashboard of the vehicle he was driving. *United States v. Julio Garza*, No. 2: 09-CR-201-1 (S. D. Tex. 2009) [Record No. 1, therein]. The gross weight of the cocaine was 11.8 kilograms. *Id.* Garza initially denied knowledge of the drugs and explained that he purchased the vehicle two weeks earlier. However, after being questioned a second time, after again being advised of his *Miranda* rights, Garza admitted that he was to be paid $5000 to drive the drugs from Edinburg to Galveston, Texas.

-1-

*Id.*  Garza initially appeared before a judicial officer the day after he was arrest.  Counsel was appointed at that time.  [Record Nos. 3; 4, therein]  On March 19, 2015, a single count indictment was returned by a federal grand jury, charging Garza with possession with intent to distribute more than 5 kilograms of cocaine in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A).  [Record No. 8, therein]  Garza was arraigned several days later.  [Minute Entry of March 25, 2009].

On April 27, 2009, Garza entered into a plea agreement with the government and was scheduled to be re-arraigned.  However, during the plea colloquy, he refused to admit that he knew cocaine was in the vehicle.  Instead, Garza claimed that he did not remember some of the events due to drug and alcohol use on the day of his arrest.  [Minute entry of April 27, 2009]  As a result, the district court rejected Garza's guilty plea and scheduled the matter for trial.  Before trial, counsel for Garza filed motions to have his client evaluated to determine the nature of any defense he might assert based upon his alleged blackout.  [Record Nos. 16, 19, 22, 23, therein; Minute Entry of 5/7/09; 5/28/09, therein].

On May 13, 2009, the government filed a notice under 21 U.S.C. § 851 setting forth its intention to seek an enhanced sentence based on Garza's two prior drug trafficking convictions crimes.  If convicted of the instant offense, Garza would face a statutorily-mandated sentence of life imprisonment.  [Record No. 21]

On August 19, 2009, the jury convicted Garza of possessing with the intent to distribute 10 kilograms of cocaine.  [Record No. 106, therein].  On May 13, 2010, the district court sentenced Garza to the statutory minimum of 20 years (240 months), and to a 10-year

term of supervised release.  [Record No. 106, therein][1]  The district court enhanced Garza's sentence based on only one of Garza's prior drug trafficking convictions set out in the government's § 851 notice.

Garza appealed his conviction and sentence to the United States Court of Appeals for the Fifth Circuit.  However, that court dismissed the appeal on Garza's motion.  [Record No. 125, therein]  Garza then filed a motion in the district court to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255.  Garza alleging that the district court should have accepted his guilty plea, and that his counsel erred by failing to pursue a guilty plea on his behalf.  [Record Nos. 126; 127, at pp 5-6, therein].  In March 2012, the district denied Garza's § 2255 motion, finding that the due process claim (challenging its rejection of Garza's guilty plea) was procedurally barred because Garza did not raise the issue during his criminal proceeding or on appeal.  [Record No. 134, p. 7, therein]

The district court also rejected Garza's Sixth Amendment ineffective assistance claim (alleging that his counsel failed effectuate a guilty plea), holding that the claim lacked merit. [*Id*., pp. 8-10]  The district court concluded that Garza failed to demonstrate that he suffered any prejudice resulting from any alleged ineffective assistance of counsel, noting that once the government filed its § 851 notice on May 13, 2009, Garza became subject to the statutory minimum sentence required for persons with a prior drug trafficking conviction.  [*Id*., pp. 8-10, therein]  The district court also refused to issue a Certificate of Appealability.  [Record

---

[1] The enhancements set forth in the § 851 Notice increased Garza's sentencing range to life imprisonment.  21 U.S.C. § 841(b)(1)(A).  Without the enhancements, Garza's sentencing range would have been 135-168 months.  Because the government did not present evidence of Garza's state conviction, the district court enhanced his sentence based on a single prior drug conviction, resulting in a 240-month sentence, instead of a life term.

Nos. 134; 135, therein].  Garza appealed to the Fifth Circuit but was unsuccessful.  [Record

No. 152, therein; *see United States v. Julio Garza*, No. 12-40359 (5th Cir. Oct. 9, 2012)].

Undeterred, Garza then filed a second § 2255 motion with the district court.  [Record

No. 153, therein]  Garza argued that his newly-filed § 2255 motion was not second or

successive because the United States Supreme Court had issued its opinions in *Missouri v.*

*Frye*, ___ U.S. ___, 132 S.Ct. 1399 (2012), and *Lafler v. Cooper*, ___ U.S. ___, 132 S.Ct.

1376 (2012),[2] *after* the district court denied his first § 2255 motion.  Additionally, Garza

argued that his § 2255 motion was authorized pursuant to 2255(f)(3).  [*Id.*]

On February 5, 2013, the district court denied Garza's second motion seeking

collateral relief for lack of jurisdiction, finding that Garza had failed to either request or

obtain permission from the Fifth Circuit as required by 28 U.S.C. § 2244(b)(3)(A).  [Record

No. 155, pp. 2-5, therein]  The district court further explained that Garza's reliance on the

*Frye* and *Lafler* decisions was misplaced because the Fifth Circuit had since joined other

circuits in holding that these decisions do not apply retroactively.  [*Id.*, pp. 5-6, therein

(citing *In Re: Richard M. King, Jr.*, 697 F.3d 1189 (5th Cir. 2012) (*per curiam*)]

In December 2013, Garza filed a motion under Rule 60(b) of the Federal Rules of

Civil Procedure, seeking reconsideration of the denial of his two prior § 2255 motions.

Garza contended that:  (1) that he was forced to go to trial, despite his intention to admit his

---

[2]  In *Frye*, the Supreme Court held that defense counsel has a duty to communicate formal offers from the prosecution to accept a plea on terms that may be favorable to the accused, prior to the offer expiring, and that defense counsel's failure to inform a defendant of a written plea offer before it expires satisfies the deficient performance prong for establishing ineffective assistance under *Strickland v. Washington*, 466 U.S. 668 (1986).   In *Lafler*, the defendant proceeded to trial rather than accept a plea deal as a result of ineffective assistance of counsel during the plea negotiation process.  *Lafler*, 132 S.Ct. at 1386.  The defendant received a more severe sentence following trial than he likely would have received by pleading guilty.  *Id.*

guilt, when the district court erroneously refused to accept his guilty plea; and (2) he should be resentenced to a 10-year prison term, which was the statutory minimum sentence without the § 851 enhancement.  [Record No. 157, therein]  On January 17, 2014, the district court denied Garza's Rule 60(b) motion and again refused to issue a Certificate of Appealabilty. In relevant part, the court held that Garza's Rule 60(b) motion was a disguised, successive § 2255 motion, for which Garza had not obtained permission to file.  [Record No. 158, therein]

Again, Garza appealed.  He argued that: (1) the district court had not given him the opportunity to demonstrate that he suffered from a diminished capacity due to the effect of the prescription drugs; (2) the district court should not have forced him to go to trial; (3) his counsel was ineffective for failing to obtain funds for an expert witness to testify regarding the effect of the drugs he had been taking, and for failing to file a notice of either involuntary intoxication or a diminished capacity defense; (4) *Frye* and *Lafler* applied retroactively and supported his ineffective assistance of counsel claims; and (5) the district erred by denying his Rule 60(b) motion.   The Fifth Circuit denied all relief sought.  [Record No. 165, therein; *see United States v. Julio Garza*, No. 14-40134 (5ᵗʰ Cir. Sept. 2, 2014)]

## II.

In conducting an initial review of habeas petitions under 28 U.S.C. § 2243, the Court should deny the relief sought "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief."  Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (applicable to § 2241 petitions pursuant to Rule 1(b)). However, because Garza is not represented by an attorney, the Court evaluates his petition under a more lenient standard. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Burton v. Jones*,

321 F.3d 569, 573 (6th Cir. 2003). At this stage of the case, the Court accepts Garza's as true and liberally construes his legal claims in his favor.

In his § 2241 petition, Garza alleges that the district court: (i) improperly rejected his plea bargain and incorrectly ordered him to be re-arraigned when he failed to acknowledge that he knew that drugs were in the vehicle he borrowed; and (ii) unreasonably conditioned his guilty plea on an admission that he knew about the existence drugs in the vehicle. As a result, Garza contends that the district court erroneously sentenced him to a 20-year term of incarceration, rather than ten years which had been negotiated in his rejected plea agreement. [Record No. 1, pp. 6-7] These claims allege a denial of due process in violation of the Fifth Amendment of the United States Constitution.

Garza also claims that he received ineffective assistance from his trial counsel, alleging that: (i) his attorney failed to convince the district court to accept his guilty plea when it appeared that the court was initially inclined to do so; (ii) his counsel failed to persuade the district court that it was *not* required to elicit an admission from him that he knew about the drugs found in the vehicle; and (iii) *Frye* and *Lafler* apply retroactively and support his ineffective assistance of counsel claims. [*Id.*, pp. 7; *see also* Record No. 1-1, p. 7] These claims falls under the Sixth Amendment of the United States Constitution which guarantees effective assistance of counsel in criminal prosecutions. Garza seeks an order reducing his sentence to "conform to plea agreement." [Record No. 1, p. 8]

### III.

As a general rule, 28 U.S.C. § 2255 provides the correct avenue to challenge a federal conviction or sentence, whereas a federal prisoner may file a § 2241 petition if he is

challenging the execution of his sentence (i.e., the BOP's calculation of sentence credits or other issues affecting the length of his sentence). *See United States v. Peterman*, 249 F.3d 458, 461 (6th Cir. 2001); *see also Charles v. Chandler*, 180 F.3d 753, 755-56 (6th Cir. 1999). The Sixth Circuit has provided the following explanation of the difference between the two statutes:

> [C]ourts have uniformly held that claims asserted by federal prisoners that seek to challenge their convictions or imposition of their sentence shall be filed in the [jurisdiction of the] sentencing court under 28 U.S.C. § 2255, and that claims seeking to challenge the execution or manner in which the sentence is served shall be filed in the court having jurisdiction over the prisoner's custodian under 28 U.S.C. § 2241.

*Terrell v. United States*, 564 F.3d 442, 447 (6th Cir. 2009) (internal quotation marks omitted). In short, 28 U.S.C. § 2255 as opposed to § 2241 provides the primary avenue for federal prisoners seeking relief from an unlawful conviction or sentence. *See Capaldi v. Pontesso*, 135 F.3d 1122, 1123 (6th Cir. 2003).

The "savings clause" of § 2255(e) provides a narrow exception to this general rule. Under this clause, a prisoner may to challenge the legality of his conviction through a § 2241petition if his remedy under § 2255 "is inadequate or ineffective" to test the legality of his detention. 28 U.S.C. § 2255(e). This exception does not apply where a prisoner fails to seize an earlier opportunity to correct a fundamental defect in his or her convictions under pre-existing law, or actually asserted a claim in a prior post-conviction motion under § 2255 but was denied relief. *Charles*, 180 F.3d at 756.

Alternatively, a prisoner proceeding under § 2241 can implicate the savings clause of § 2255 if he alleges "actual innocence." *Bannerman v. Snyder*, 325 F.3d 722, 724 (6th Cir.

2003).  However, a petitioner may only pursue a claim of actual innocence under § 2241 when that claim is "based upon a new rule of law made retroactive by a Supreme Court case."  *Townsend v. Davis*, 83 F. App'x 728, 729 (6th Cir. 2003).  "It is the petitioner's burden to establish that his remedy under § 2255 is inadequate or ineffective." *Charles*, 180 F.3d at 756.

Garza is not challenging the execution of his sentence.  Instead, he contends that the district court violated his right to due process of law by refusing to allow him to enter a guilty plea after he denied any prior knowledge of the drugs which discovered in the vehicle he was driving at the time of his arrest, and that his trial attorney rendered ineffective assistance by failing to force or convince the district court to accept his guilty plea, despite the fact that he had disclaimed any prior knowledge of the drugs found in the vehicle.  In short, Garza is attempting to challenge the constitutionality of his sentence on Fifth and Sixth Amendment grounds under § 2241 via the "savings clause" of § 2255(e).  However, § 2241 is not the proper mechanism for asserting these claims.

A federal prisoner may challenge the legality of his detention under § 2241 only if his remedy under § 2255(e) is inadequate or ineffective.  *See Wooten v. Cauley*, 677 F.3d 303, 306-07 (6th Cir. 2012); *Charles*, 180 F.3d at 756.  This exception does not apply where a prisoner fails to seize an earlier opportunity to correct a fundamental defect in his or her convictions under pre-existing law, or actually asserted a claim in a prior post-conviction motion under § 2255 but was denied relief.  *Id.*  The remedy under § 2255 is not inadequate where a petitioner either failed to assert a legal argument in a § 2255 motion, or where he asserted a claim but was denied relief on it.  *Id.* at 756-58; *Rumler v. Hemingway*, 43 F.

-8-

App'x 946, 947 (6th Cir. 2002).  It is the petitioner's burden to establish that his remedy under § 2255 is inadequate or ineffective."  *Charles*, 180 F.3d at 756.

Garza has not carried that burden in this proceeding.  As discussed above, Garza previously and unsuccessfully asserted the same Fifth and Sixth Amendment claims in his first § 2255 motion and in his unauthorized successive § 2255 motions.  The district court rejected these arguments because they lacked merit.  On appeal, the Fifth Circuit denied relief for the same reason.  In his current petition, Garza merely rehashes the same claims which he previously, but unsuccessfully, raised in § 2255 motions.  As *Charles* dictates, however, Garza cannot use § 2241 to recycle the same claims which were previously but unsuccessfully advanced in a § 2255 motion.  Again, because the Court notes that § 2241 is not an additional, alternative, or supplemental remedy to the one provided in § 2255.  *Charles*, 180 F.3d at 758-60; *see also Lucas v. Berkebile*, No. 7:11-CV-28-HRW, 2012 WL 2342888, at *2 (E.D. Ky. June 19, 2012) ("Section 2241 is not available to a petitioner who merely wishes to reargue claims considered and rejected in a prior motion under Section 2255.")

To the extent that Garza continues to assert that *Frye* and *Lafler* apply retroactively, the Fifth Circuit has explained that, under that circuit's established case law, these decisions do not apply retroactively.  The result is the same in the Sixth Circuit.  Two years ago, that court also determined that *Frye* and *Lafler* do not announce a new constitutional rule, and therefore do not apply retroactively to cases on collateral review.  *In re Liddell*, 722 F.3d 737, 738 (6th Cir. 2013); *see also Buenrostro v. United States*, 697 F.3d 1137, 1140 (9th Cir.

2012); *In re King*, 697 F.3d 1189 (5th Cir. 2012); *Hare v. United States*, 688 F.3d 878, 879 (7th Cir. 2012); *In re Graham*, 714 F.3d 1181, 1183 (10th Cir. April 23, 2013).

Finally, Garza claims that the district court should have imposed only the 10-year sentence set forth in the rejected plea agreement, instead of the 20-year sentence which he actually received.  Again, *Charles* precludes Garza's claims on this issue, but another consideration also bars his claim on this issue.  A prisoner proceeding under § 2241 can implicate the savings clause of § 2255 if he alleges "actual innocence," *Bannerman v. Snyder*, 325 F.3d 722, 724 (6th Cir. 2003).  Further, a petitioner may only pursue a claim of actual innocence under § 2241 when that claim is "based upon a new rule of law made retroactive by a Supreme Court case."  *Townsend v. Davis*, 83 F. App'x 728, 729 (6th Cir. 2003).  Garza does not allege that he is actually innocent of the federal drug offense of which he was convicted.  Instead, he seeks to challenge the amount of time which he was ordered to serve in prison.  In other words, he has not alleged that he "stands convicted of 'an act that the law does not make criminal.'"  *Carter v. Coakley*, No. 4:13-CV-1270, 2013 WL 3365139 (N.D. Ohio July 3, 2013) (quoting *Bousley v. United States*, 523 U.S. 614, 623 (1998)).

The Sixth Circuit has never extended to savings clause to § 2241 petitioner who seek to challenge the enhancement of his or her sentence.  In fact, the Sixth Circuit has repeatedly held that claims alleging actual innocence of a sentencing enhancement cannot be raised under § 2241.  *Jones v. Castillo*, 489 F. App'x 864, 866 (6th Cir. 2012); *see also Reminsky v. United States*, 523 F. App'x 327, 329 (6th Cir. 2013) ("The savings clause under § 2255(e) does not apply to sentencing claims."); Hayes v. Holland, 473 F. App'x 501, 502 (6th Cir. 2012) (same); *Contreras v. Holland*, 487 F. App'x 287, 288 (6th Cir. 2012) (a prisoner's

-10-

challenge to his sentencing enhancement under §§ 841 and 846 is not cognizable under § 2241); *Anderson v. Hogsten*, 487 F. App'x 283, 284 (6th Cir. 2012) (same); *Brown v. Hogsten*, 503 F. App'x 342, 343 (6th Cir. 2012) ("[C]laims of sentencing error may not serve as the basis for an actual innocence claim.").

As the savings clause of § 2255 extends only to petitioners asserting a claim of actual innocence regarding their convictions, not their sentences, Garza does not allege a valid actual innocence claim.  Finally, Garza does not assert a cognizable actual innocence claim because he points to no case that is based upon a new rule of law made retroactive by a Supreme Court case.

## IV.

Garza has not demonstrated either that his remedy under § 2255 was inadequate or ineffective, or that he is actually innocent of the drug offense of which the jury convicted him.  Accordingly, for the reasons discussed above, it is hereby

**ORDERED** that Julio Garza's 28 U.S.C. § 2241 petition for a writ of habeas corpus [Record No. 1] is **DENIED**.  It is further **ORDERED** that this habeas proceeding is **DISMISSED** and **STRICKEN** from the Court's docket.

This 7th day of October, 2015.



Signed By:

*Danny C. Reeves*

United States District Judge